KAVANAUGH, Circuit Judge,
concurring in the judgment in part and dissenting in part:
The majority opinion holds that key tax-related provisions of the Prevent All Cigarette Trafficking Act may be unconstitutional under the Due Process Clause’s minimum contacts principle. The majority opinion therefore affirms the District Court’s preliminary injunction barring the Federal Government from enforcing those provisions of the statute. I respectfully disagree. To obtain a preliminary injunction, a plaintiff must show, among other things, a likelihood of success on the merits. In my view, Gordon’s Due Process Clause claim lacks merit. I would therefore vacate the preliminary injunction entered by the District Court.
In 2010, Congress passed and President Obama signed the Prevent All Cigarette Trafficking Act. That law requires cigarette sellers to comply with various state tax laws. The law was prompted by Congress’s finding that Internet cigarette sellers were not complying with federal, state, and local tax laws, resulting in billions of dollars in lost tax revenue each year. Importantly for present purposes, violations of the Act are subject to federal criminal prosecution or federal civil suit. In such federal lawsuits, the United States is the relevant sovereign and jurisdiction. As I will explain, when the Federal Government (not a State) regulates a U.S. seller such as Gordon, there is no Due Process Clause minimum contacts issue.
To begin, it is well-settled that Congress may enact federal laws that require sellers of a product to comply with certain state laws. So long as the federal law is otherwise justified under the Constitution — for example, as a Commerce Clause regulation of commercial activity — the fact that the federal law piggy-backs on state law in this fashion is irrelevant. The Supreme Court has long upheld federal laws of that sort. See Kentucky Whip & Collar Co. v. Illinois Central Railroad Co., 299 U.S. 334, 57 S.Ct. 277, 81 L.Ed. 270 (1937); Clark Distilling Co. v. Western Maryland Railway Co., 242 U.S. 311, 37 S.Ct. 180, 61 L.Ed. 326 (1917). A number of federal laws follow that model. See, e.g., 7 U.S.C. §§ 1571, 1573 (no transfer of agricultural seeds into a State in violation of state law); 16 U.S.C. § 3372(a)(2) (no transfer of wildlife taken in violation of any state law); 18 U.S.C. § 842(c) (no transfer of explosives into a State where they are illegal under state law); 18 U.S.C. § 922(b)(2) (no transfer of firearms into a State where they are illegal under state law); 21 U.S.C. § 831(b) (online pharmacies must comply with the law of any State in which they do business or offer to do business); 31 U.S.C. § 5362(10)(A) (no online bets can be accepted where the bet is illegal in the State in which it is made); see also United States v. Kimbell Foods, Inc., 440 U.S. 715, 728, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979) (“state law may be incorporated as the federal rule of decision”); Board of County Commissioners of the County of Jackson, Kansas v. United States, 308 U.S. 343, 351-52, 60 S.Ct. 285, 84 L.Ed. 313 (1939) (“the state law has been absorbed, as it were, as the governing federal rule not because state law was the source of the right but because recognition of state interests was not deemed inconsistent with federal policy”); Henry M. Hart, Jr., The Relations Between State and Federal Law, 54 Colum. L.Rev. 489, 498 (1954) (“Congress rarely enacts a complete and self-sufficient body of federal law. The federal statutes are full of references, both explicit and implicit, to the law of some state.”) (footnote omitted).
*659 There is no dispute here that the relevant provisions of the Prevent All Cigarette Trafficking Act are valid under the Commerce Clause. The question concerns the law’s compliance with the minimum contacts principle of the Due Process Clause.
When Congress enacts a federal law of this kind and renders violators of that law subject to federal criminal prosecution or federal civil suit, the law does not violate the minimum contacts principle of the Due Process Clause. The reason is quite simple: In such federal-law cases, the relevant sovereign and jurisdiction is the United States, not one of the individual States. There is no Due Process minimum contacts issue raised by a federal-law suit against a seller located in the United States. That was the conclusion reached by a three-judge District Court in this Circuit when it rejected a similar Due Process Clause minimum contacts challenge to the Jenkins Act. That Act required cigarette shippers to report out-of-state sales to the buyer’s state tobacco administrator. The Supreme Court summarily affirmed the Court’s decision. See Consumer Mail Order Association of America v. McGrath, 94 F.Supp. 705, 712 (D.D.C.1950), affd, 340 U.S. 925, 71 S.Ct. 500, 95 L.Ed. 668 (1951). I would reach the same conclusion here. See Musser’s Inc. v. United States, 2011 WL 4467784, at *5 (E.D.Pa.2011) (denying preliminary injunction in Due Process Clause challenge to Prevent All Cigarette Trafficking Act).
To be sure, a seller like Gordon may raise a Due Process Clause minimum contacts objection in any state-law proceeding. See Quill Corp. v. North Dakota, 504 U.S. 298, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992). But the Prevent All Cigarette Trafficking Act does not negate a seller’s ability to raise a Due Process Clause minimum contacts objection in state-law cases.
In my view, therefore, Gordon’s Due Process Clause claim is entirely without merit.[1] To grant a preliminary injunction, however, a District Court must find a likelihood of success on the merits, among other things. See Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (“A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits....”); Munaf v. Geren, 553 U.S. 674, 690, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008) (“a party seeking a preliminary injunction must demonstrate, among other things, a likelihood of success on the merits”) (internal quotation marks omitted); Davis v. Pension Benefit Guaranty Corp., 571 F.3d 1288, 1296 (D.C.Cir.2009) (Kava-naugh, J., concurring) (“In light of the Supreme Court’s recent decisions, I tend to agree ... that the old sliding-scale approach to preliminary injunctions — under which a very strong likelihood of success could make up for a failure to show a likelihood of irreparable harm, or vice ver-sa — is no longer controlling, or even viable. It appears that a party moving for a preliminary injunction must meet four independent requirements.”) (citation and internal quotation marks omitted); cf. Nken v. Holder, 556 U.S. 418, 438, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) (Kennedy, J., concurring) (“When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other.”).
When, as here, a District Court incorrectly finds a likelihood of success on the merits, that legal error constitutes an abuse of discretion, and we must vacate *660 the preliminary injunction. See Kiyemba v. Obama, 561 F.3d 509, 513 (D.C.Cir.2009) (“If the moving party can show no likelihood of success on the merits, then preliminary relief is obviously improper and the appellant is entitled to reversal of the order as a matter of law.”); Air Line Pilots Association International v. Eastern Air Lines, Inc., 863 F.2d 891, 894 (D.C.Cir.1988) (“We reverse the district court and hold that it should not have granted the motions for a preliminary injunction because the unions did not show a substantial likelihood of success on the merits.”); see generally So v. Suchanek, 670 F.3d 1304, 1310 (D.C.Cir.2012) (“A district court by definition abuses its discretion when it makes an error of law.”) (internal quotation marks omitted).[2]
Because Gordon’s Due Process Clause claim is meritless, I would vacate the District Court’s preliminary injunction against enforcement of the tax-related provisions of the Act. As to Gordon’s cross-appeal challenging the District Court’s denial of a preliminary injunction to enjoin enforcement of the Act’s mailing ban on Fifth Amendment grounds, I would affirm the District Court because Gordon has not shown a likelihood of success on the merits of that claim, for reasons the majority opinion explains.

. The alternative Tenth Amendment argument advanced by Gordon in support of the preliminary injunction is likewise without merit, as the majority opinion explains and the District Court also concluded.

. In certain First Amendment cases, the Supreme Court has said that a court of appeals may affirm a District Court’s preliminary injunction so long as the plaintiff has presented a "close” question on the merits. See Ashcroft v. ACLU, 542 U.S. 656, 664-65, 124 S.Ct. 2783, 159 L.Ed.2d 690 (2004). But the "close” question standard is not the usual rule for preliminary injunctions or for appellate review of preliminary injunctions. And even if a close question were enough, Gordon has not presented a close question here.